IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 07, 2015

## STATE OF TENNESSEE v. SANDRA MITCHELL

### Appeal from the Circuit Court for Gibson County
No. 18949     Clayburn Peeples, Judge

_____

### No. W2015-00043-CCA-R3-CD  -  Filed August 28, 2015
_____

The defendant, Sandra Mitchell, pled guilty to theft of property of $60,000 or more but less than $250,000, a Class B felony. She received a twelve-year sentence to be served consecutively to a prior six-year sentence. On appeal, she challenges the trial court's decision to impose consecutive sentences. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and D. KELLY THOMAS, JR., J., joined.

Harold E. Dorsey, Alamo, Tennessee, for the appellant, Sandra Mitchell.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Garry Brown, District Attorney General; and Hilary Lawler Parham, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS AND PROCEDURAL HISTORY

In July of 2013, the defendant was charged with stealing over $200,000 from the victims, Ruth and Max Osborne. At the time, she was on probation for a prior conviction of theft of property of $10,000 or more but less than $60,000. Based on the new charges and her failure to make restitution in the prior case, a probation revocation warrant was filed. The trial court revoked her probation and ordered her to serve her six-year sentence

in confinement. The defendant later entered an open guilty plea to the instant charge, and the trial court held a sentencing hearing to determine whether her sentences would be served concurrently or consecutively.

The transcript of the defendant's guilty plea hearing is not included in the record on appeal. We glean the facts of this case from testimony given at the defendant's probation revocation hearing and sentencing hearing.

The defendant came to work for the Osbornes in May of 2008. The Osbornes were an elderly couple, and Ms. Osborne hired the defendant to assist with the housework and to help care for Mr. Osborne, who suffered from dementia. The defendant worked daily in the Osbornes' home. The Osbornes trusted the defendant and considered her a family friend.

In May of 2013, Ms. Osborne discovered that she was missing some of her checks. She learned that the defendant had been stealing her checks from her checkbook. The defendant would make the check out to herself, forge Ms. Osborne's signature, and deposit the checks into her own bank account. The defendant would write the checks in the amount of several hundred dollars, and her theft went undetected for several years. During a five-year period from 2008 to 2013, the defendant stole over $200,000 from the Osbornes. As a condition of her probation for her prior conviction, the defendant was required to pay restitution to the victim. She used some of the funds taken from the Osbornes to pay this restitution.

The trial court imposed a twelve-year sentence and ordered it to be served consecutively to her prior six-year sentence. In ordering consecutive sentencing, the trial court stated:

> Normally, a single enhancement factor, quite frankly, particularly, the fact that an offense was committed on probation would not be an appropriate situation for consecutive sentences; however, the probation in this case being for an offense almost identical to this one, and, quite frankly, this offense being perpetrated and perpetuated it appears in an effort to survive that probation gives me no choice but to run these sentences consecutively. I'm sorry, but I have no choice but to do that.

The defendant filed a timely notice of appeal, and we proceed to consider her claim.

2

## ANALYSIS

The defendant argues that the trial court erred in imposing consecutive sentences. Specifically, she contends that an eighteen-year aggregate sentence is a greater sentence than deserved for her offense.

The decision to impose consecutive sentences is reviewed for an "abuse of discretion accompanied by a presumption of reasonableness." *State v. Pollard*, 432 S.W.3d 851, 859 (Tenn. 2013). The trial court's imposition of consecutive sentences is given deference "if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *Id*. at 861. The existence of only one of these grounds "is a sufficient basis for the imposition of consecutive sentences." *Id*. at 862. Consecutive sentencing is appropriate "if the court finds by a preponderance of the evidence that: . . . [t]he defendant is sentenced for an offense committed while on probation[.]" T.C.A. § 40-35-115(b)(6) (2010). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Pollard*, 432 S.W.3d at 862. Additionally, the sentence imposed shall be "justly deserved in relation to the seriousness of the offense" and "should be no greater than that deserved for the offense committed." T.C.A. § 40-35-102(1); T.C.A. § 40-35-103(2).

Here, the trial court imposed consecutive sentences on the sole basis that the defendant was on probation when she committed the instant offense. The court found that the offense for which the defendant was on probation was nearly identical to the instant conviction. The court also found that the second theft was committed in part so that the defendant could meet the restitution obligations of her probation for the first theft. We conclude that the trial court did not abuse its discretion in aligning the defendant's sentences consecutively. The defendant is not entitled to any relief.

## CONCLUSION

Based upon the foregoing analysis, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

3